UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JULIO JIMENEZ-LOPEZ,

Petitioner,

v.

CHRISTOPHER CHESTNUT, ET. AL.,

Respondents.

No. 1:26-cv-08974-DAD-JDP (HC)

ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER

(Doc. No. 4)

On October 30, 2026, petitioner, through counsel, filed a petition for writ of *habeas corpus* pursuant to 28 U.S.C. § 2241 challenging his detention by Immigration and Customs Enforcement ("ICE"). (Doc. No. 1.) On November 3, 2026, petitioner filed a motion for temporary restraining order seeking his immediate release from custody (Doc. No. 4). That same day, the court set a briefing schedule on the pending motion for temporary restraining order and directed respondent to address whether any provision of law or fact in this case would distinguish it from the circumstances addressed in several cited prior cases that this court has decided. (Doc. No. 5.)

On November 5, 2026, respondents filed a motion to dismiss. (Doc. No. 6.) In that opposition, respondent argues that this case is distinguishable from the cases cited in the court's order because petitioner is subjected to a reinstated order of removal and is necessarily detained, therefore, pursuant to 8 U.S.C. § 1231. (*Id.* at 2–4.) Petitioner argues that he was detained

without a warrant and thus his detention was not lawfully authorized, and that his detention violates procedural and substantive due process. (Doc. No. 4 at 5–6, 12–13.)

Based upon the parties' submissions, the court finds the following facts. Petitioner is a noncitizen who is the subject of an administratively final, expedited removal order issued on September 28, 2013. (Doc. No. 6 at 10.) Thereafter, on or about May 11, 2018, petitioner unlawfully reentered the United States, and his prior order of removal was reinstated pursuant to 8 U.S.C. § 1231(a)(5). (*Id.* at 7–8.) Subsequently, petitioner again unlawfully reentered the United States without admission, inspection, or parole on an unknown date and location. (*Id.* at 22–23.) On October 27, 2026, petitioner was encountered by immigration agents who, upon conducting a custodial interrogation, discovered petitioner's prior removal orders and unlawful entries. (*Id.*) Specifically, the record shows that at the time ICE officials were attempting to "identify and apprehend" another individual but encountered petitioner. (*Id.*) Although petitioner does not appear to have been *initially* arrested by ICE officials pursuant to a warrant, immigration officials subsequently issued an official Warrant for Removal/Deportation (Form I-205) and a Notice of Intent/Decision to Reinstate Prior Order (Form I-871) upon discovery of petitioner's prior removal orders. (Doc. No. 6 at 12–20.)

Noncitizens subject to final removal orders who have previously been removed and reenter the United States without authorization are subject to detention pursuant to 8 U.S.C. § 1231, even when they apply the for withholding of removal. *Johnson v. Guzman Chavez*, 594 U.S. 523, 533 (2021) (holding that § 1231, not § 1226, governs in such situations). Further, when an individual re-enters the United States after having been previously removed pursuant to a removal order, "the prior order of removal is reinstated from its original date and is not subject to being reopened or reviewed" and that individual "shall be removed under the prior order at any time after the reentry." 8 U.S.C. § 1231(a)(5). "Where a noncitizen is subject to a reinstated removal order, detention is governed by 8 U.S.C. § 1231." *Arreaga Santizo v. Warden of the Golden State Annex*, No. 1:26-cv-04256-VC, 2026 WL 1803596, at *1 (E.D. Cal. June 23, 2026) (citing *Johnson v. Guzman Chavez*, 594 U.S. 523, 535 (2021)). Reinstated removal orders are "administratively final," *Guzman Chavez*, 523 U.S. at 533–35, and once a removal order becomes

administratively final, the noncitizen must be detained for a 90-day period, commonly referred to as the "removal period," during which, the government must effectuate that noncitizen's removal. *See Zadvydas v. Davis*, 533 U.S. 678, 683 (2001).

Here, petitioner first argues that he was detained without a warrant and, citing to the decision in *Rivera Martinez v. Warden*, No. 1:26-cv-08229-DAD-SCR, 2026 WL 3093955 (E.D. Cal. Oct. 16, 2026), argues that his detention was not authorized by law. (Doc. No. 4 at 5–6.) However, *Rivera Martinez* involved an individual whose detention was authorized under another statutory provision, namely § 1226(a), that expressly requires that noncitizens subject to § 1226(a) to be arrested pursuant to a warrant. 8 U.S.C. § 1226(a) ("On a warrant issued by the Attorney General, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States.") Petitioner, however, is subject to detention under the reinstatement of removal statute found at § 1231. Thus, to the extent that petitioner was *initially* arrested without a warrant is not dispositive as to the lawfulness of his detention because it is not governed by § 1226(a). Additionally, immigration officers "shall have power without warrant – to interrogate any alien or person believed to be an alien as to his right to be or to remain in the United States." 8 U.S.C. § 1357(a)(1). When petitioner was questioned by immigration officials as to his status and manner of entry, their authority was lawful under the statute. *Id.* Thus, the Court is not persuaded by petitioner's argument that his initial arrest was unlawful.

Instead, when an individual is subject to reinstatement of removal, the government must provide petitioner with proper notice of its intent to reinstate the prior removal order, an opportunity to make a statement and/or contest the reinstatement decision, and evidence that he is subject to such an order in the first instance. *Morales-Izquerido v. Gonzales,* 486 F.3d 484 (9th Cir. 2007); 8 C.F.R. § 241.18(a), (b). Here, respondents have provided tangible evidence that petitioner is subject to reinstatement of a prior removal order, including a warrant of removal and notice of intent to reinstate, as well as evidence that petitioner was provided an opportunity to contest the reinstatement process. (Doc. No. 6 at 10–20.)

Petitioner is subject to a final removal order that was reinstated on October 27, 2026. (Doc. No. 6 at 12-13). His reinstatement falls, therefore, squarely within the 90-day removal

period and his detention is governed by § 1231(a)(2). The court finds analogous and persuasive, and incorporates herein, its prior analysis in *Kumar v. Wofford,* No. 1:26-cv-01391-DAD-CSK, 2026 WL 710323 (E.D. Cal. Mar. 13, 2026) and *Mendoza v. Warden, Golden State Annex Det. Facility,* No. 1:26-cv-05099-DAD-JDP, 2026 WL 2031839 (E.D. Cal. Jul. 14, 2026), where the court determined that the petitioners were subject to detention during the reinstatement of removal process. Further, it appears from the record that ICE complied with the applicable regulations insofar as it provided petitioner with its notice of intent to reinstate, warrant of removal, and an opportunity to contest the determination. 8 C.F.R. § 241.8(b); (Doc. No. 6 at 12–20).

As to petitioner's remaining arguments, that his detention violates procedural and substantive due process, they are foreclosed by the applicable statutory language of § 1231 and controlling precedent. *See Zadvydas v. Davis*, 533 U.S. at 682; *Morales-Izquerido v. Gonzales,* 486 F.3d at 494. Because petitioner has not carried his burden of establishing that he is likely to succeed on the merits of his claims, the court need not consider the other *Winter* factors. *California v. Azar*, 911 F.3d 558, 575 (9th Cir. 2018) ("Likelihood of success on the merits is 'the most important' factor; if a movant fails to meet this 'threshold inquiry,' we need not consider the other factors.") (quoting *Disney Enters., Inc. v. VidAngel, Inc.*, 869 F.3d 848, 856 (9th Cir. 2017)). Therefore, the Court will deny petitioner's motion for temporary restraining order.

For the reasons stated above,

1. Petitioner's motion for temporary restraining order (Doc. No. 4) is DENIED without prejudice; and
2. The pending petition for writ of *habeas corpus* (Doc. No. 1) is REFERRED to Magistrate Judge Jeremy D. Peterson for further proceedings.

IT IS SO ORDERED.

Dated: **November 10, 2026**

Dale A. Drozd
DALE A. DROZD
UNITED STATES DISTRICT JUDGE